# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ALAN M. BARTLETT,**

        **Petitioner,**

**v.**                                                        **Case No. 18-CV-1854**

**PAUL PENZONE,**

        **Respondent.**

## ORDER AND RECOMMENDATION

Alan Bartlett is incarcerated in the Maricopa County Jail in Arizona. On November 26, 2018, the court received what Bartlett describes as a "Petition Under 28 U.S.C. § 1651 for a Writ of Habeas Corpus." (ECF No. 1.) Bartlett asks this court to order the Wisconsin Supreme Court Office of Lawyer Regulation to open an investigation into the conduct of Assistant United States Attorney Christopher Rawsthorne of the Eastern District of Michigan.

According to federal court records, Bartlett was indicted in the District of Alaska in 2013 and a warrant was issued for his arrest. *See United States v. Bartlett*, 3:13-cr-00044-RRB (D. Alaska). Bartlett was arrested in the Eastern District of Michigan, appeared in that district pursuant to Fed. R. Crim. P. 5(c)(2), and was ordered detained and

transferred to the District of Alaska. Rawsthorne represented the government at the proceedings in the Eastern District of Michigan.

Bartlett argues that Rawsthorne violated his Sixth Amendment right to indictment by a grand jury because Rawsthorne did not have a transcript of the grand jury proceedings. Bartlett asked the Wisconsin Office of Lawyer Regulation to investigate Rawsthorne, who is licensed to practice law in Wisconsin, but it declined to do so. Bartlett contends this failure to investigate violated the Eighth Amendment's protection against cruel and unusual punishment. Bartlett asks the court to order the Wisconsin Office of Lawyer Regulation to open an investigation into Rawsthorne and to order it to hold a hearing.

Over the past roughly two months, Bartlett has filed four other very similar actions in district courts in the Ninth Circuit asking courts to order investigations by the California State Bar, s*ee Bartlett v. Penzone*, 2:18-cv-02598-TLN-DMC (E.D. Cal.) (filed Sept. 21, 2018); *Bartlett v. Penzone*, 2:18-cv-03052-CKD (E.D. Cal.) (filed Nov. 26, 2018), the Washington State Bar Association, *Bartlett v. Penzone*, 18-cv-01574-RAJ-JPD (W.D. Wash.) (filed Oct. 25, 2018), and the Alaska Bar Association, *Bartlett v. Penzone*, 1:18-cv-00013-JKS (D. Alaska) (filed October 9, 2018). Each action relates to some manner of alleged misconduct by a lawyer who crossed paths with Bartlett.

There are a myriad of problems with Bartlett's petition. Rather than detailing each of them, the court finds it most efficient to focus on the heart of Bartlett's claim—

that Rawsthorne somehow acted improperly when he represented the United States at a proceeding under Fed. R. Crim. P. 5(c)(2) without having a transcript of the grand jury proceedings that resulted in the indictment against Bartlett.

Grand jury proceedings are secret. Fed. R. Crim. P. 6(d), (e)(2). There is absolutely no requirement that a prosecutor possess a transcript of a grand jury proceedings in order to proceed against a defendant. The vote of the grand jurors and the fact that at least 12 of the 16 to 23 grand jurors present concluded that probable cause existed to charge the defendant with the offenses alleged is reflected by the foreperson's signature on the indictment. Nothing more is required. In short, even if this court could, by way of a petition under 28 U.S.C. § 1651 or any other form of action, order the Wisconsin Office of Lawyer Regulation to undertake an investigation, the facts alleged in Bartlett's petition do not present a plausible claim of attorney misconduct. Therefore, the court finds no basis for the relief Bartlett seeks.

**IT IS THEREFORE ORDERED** that Bartlett's Motion for Leave to Proceed Without Prepayment of the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER RECOMMENDED** that Bartlett's petition and this action be **dismissed**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may

be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 28th day of November, 2018.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge