# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ALAN M. BARTLETT,<br><br>               Petitioner,<br><br>v.<br><br>PAUL PENZONE,<br><br>               Respondent. | Case No. 18-CV-1854-JPS<br><br>**ORDER** |

      Petitioner filed this action on November 26, 2018 pursuant to 28 U.S.C. § 1651, the All Writs Act. (Docket #1).[1] He is currently incarcerated in the Maricopa County Jail in Arizona. Respondent Paul Penzone is the Maricopa County Sheriff. Petitioner states that he is challenging a decision of the Supreme Court of Wisconsin's Office of Lawyer Regulation ("OLR") not to investigate or sanction Christopher Rawsthorne ("Rawsthorne"), an Assistant United States Attorney in the Eastern District of Michigan. *Id.* at 1–2. He wants this Court to order that such an investigation be opened and that he be afforded an evidentiary hearing therein. *Id.* at 10.

      Petitioner was indicted in the District of Alaska in 2013 and a warrant was issued for his arrest. *See United States v. Bartlett*, 3:13-cr-00044-RRB (D. Alaska). Petitioner was arrested in the Eastern District of Michigan, made his initial appearance in that district, and was ordered detained and transferred to the District of Alaska. *See* Fed. R. Crim. P. 5(c). Rawsthorne

---

      [1]Though Petitioner's pleading is styled as a petition for a writ of habeas corpus, it does not qualify as such, as Petitioner does not request immediate or speedier release from custody.

represented the government at the proceedings in the Eastern District of Michigan.

Petitioner asserts three claims. First, he contends that Rawsthorne violated his Sixth Amendment rights by prosecuting him pursuant to an allegedly "fake" grand jury indictment and without a transcript of the grand jury proceedings in hand. *Id.* at 4. Second, Petitioner believes that the OLR violated his Eighth Amendment right to be free from cruel and unusual punishment by refusing to investigate Rawsthorne. *Id.* at 6. Finally, Petitioner argues that the OLR violated his due process right under the Fourteenth Amendment by not conducting an evidentiary hearing related to his complaint against Rawsthorne. *Id.* at 7.

On November 28, 2018, Magistrate Judge William E. Duffin, to whom this case was originally assigned, issued a report and recommendation to this Court that this action be dismissed. (Docket #5). The Court quotes the pertinent portion of the recommendation:

> Over the past roughly two months, Bartlett has filed four other very similar actions in district courts in the Ninth Circuit asking courts to order investigations by the California State Bar, see Bartlett v. Penzone, 2:18-cv-02598-TLN-DMC (E.D. Cal.) (filed Sept. 21, 2018); Bartlett v. Penzone, 2:18-cv-03052-CKD (E.D. Cal.) (filed Nov. 26, 2018), the Washington State Bar Association, Bartlett v. Penzone, 18-cv-01574-RAJ-JPD (W.D. Wash.) (filed Oct. 25, 2018), and the Alaska Bar Association, Bartlett v. Penzone, 1:18-cv-00013-JKS (D. Alaska) (filed October 9, 2018). Each action relates to some manner of alleged misconduct by a lawyer who crossed paths with Bartlett.
>
> There are a myriad of problems with Bartlett's petition. Rather than detailing each of them, the court finds it most efficient to focus on the heart of Bartlett's claim—that Rawsthorne somehow acted improperly when he represented the United States at a proceeding under Fed. R. Crim. P.

5(c)(2) without having a transcript of the grand jury proceedings that resulted in the indictment against Bartlett.

Grand jury proceedings are secret. Fed. R. Crim. P. 6(d), (e)(2). There is absolutely no requirement that a prosecutor possess a transcript of a grand jury proceedings in order to proceed against a defendant. The vote of the grand jurors and the fact that at least 12 of the 16 to 23 grand jurors present concluded that probable cause existed to charge the defendant with the offenses alleged is reflected by the foreperson's signature on the indictment. Nothing more is required. In short, even if this court could, by way of a petition under 28 U.S.C. § 1651 or any other form of action, order the Wisconsin Office of Lawyer Regulation to undertake an investigation, the facts alleged in Bartlett's petition do not present a plausible claim of attorney misconduct. Therefore, the court finds no basis for the relief Bartlett seeks.

(Docket #5 at 1–3).

Petitioner timely filed an objection to Magistrate Duffin's recommendation. (Docket #6). As to the first claim, Petitioner contends that a transcript of a grand jury proceeding is necessary to create a valid indictment, and that "where there is a valid grand jury, the transcript or record of the proceeding becomes part of the record, usually lodged at Doc #2 or Doc #3." *Id.* at 5–6. Petitioner says that the grand jury indictment in his case is fake and suggests that Rawsthorne knew or should have known this when Petitioner made his initial appearance. *Id.* at 6. As to the second claim, Petitioner argues that he has been harmed by Rawsthorne's conduct, and that the OLR's refusal to investigate demonstrates deliberate indifference to that harm. *Id.* at 7–8. As to the final claim, Petitioner maintains that he made a *prima facie* showing sufficient to entitle him to an evidentiary hearing. *Id.* at 8.

This Court quite agrees with Magistrate Duffin's analysis. Petitioner gives no valid basis to disagree with the recommendation's conclusion. His belief that a transcript of grand jury proceedings must become part of the record in his criminal case is simply wrong, and he cites no law or rule requiring as much. Without any wrongdoing on Rawsthorne's part, the second and third claims must likewise fail. Magistrate Duffin is also correct that there are many other deficiencies in the petition, including that Section 1651 is not a proper vehicle for this type of relief, that this District has no connection to Petitioner's criminal cases, and that success in this matter would imply the invalidity of his criminal conviction in violation of the rule set out in *Heck v. Humphrey*, 512 U.S. 477 (1994). But in any event, there is no error in Magistrate Duffin's recommendation, and this Court will therefore adopt the same. This action will be dismissed with prejudice.

Finally, on December 14, 2018, Petitioner filed a notice of appeal of Magistrate Duffin's recommendation. (Docket #7). This was, of course, premature, as the recommendation was not a final order of dismissal. Petitioner also filed a motion for leave to proceed on his appeal *in forma pauperis*. (Docket #8). Petitioner may not proceed without prepayment of the filing fee on appeal if the Court certifies in writing that the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). To determine whether Petitioner takes the appeal in "good faith," the Court must determine whether "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *see also Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). In light of the foregoing, no reasonable person would believe that Petitioner's action has any merit. The Court will, therefore, deny his motion for leave to proceed *in forma pauperis* on appeal.

Accordingly,

**IT IS ORDERED** that Magistrate Judge William E. Duffin's report and recommendation (Docket #5) be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Petitioner's petition for a writ pursuant to 28 U.S.C. § 1651 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed on appeal *in forma pauperis* (Docket #8) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of January, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge